# EXHIBIT 1

**EFiled: Jul 12 2019 12:37AM**
**Transaction ID 63539557**
**Case No. N19C-07-097 WCC**

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: N ___ K ___ s ___     CIVIL ACTION NUMBER: ___ N19C-07- ___

CIVIL CASE CODE: ___ CPIA ___     CIVIL CASE TYPE: ___ Personal Injury-Auto ___

(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| LINDA CICCHETTI, <br><br> Plaintiff, <br><br> v. <br><br> TRANSPORT SERGE BEAUREGARD, INC., STEPHANE FRAPPIER, and CECIL F. HILL, <br><br> Defendants. | **Name and Status of Party filing document:** <br><br> Linda Cicchetti, Plaintiff <br><br> **Document Type:** (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM) <br><br> ___ Complaint ___ <br><br> Non-Arbitration ___X___          eFile ___x___ <br> (CERTIFICATE OF VALUE MAY BE REQUIRED) <br><br> Arbitration ____ Mediation ____ Neutral Assessment ____ <br><br> DEFENDANT (Circle One) **ACCEPT    REJECT** <br><br> JURY DEMAND ___x___ YES _____ NO <br><br> TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE) <br><br> EXPEDITED   **STANDARD**   COMPLEX |
| ATTORNEY NAME(S): <br><br> Patrick Gallagher <br><br> ATTORNEY ID(S): <br><br> DE BAR ID #5170 <br> FIRM NAME: <br><br> Jacobs & Crumplar, P. A. <br> ADDRESS: <br><br> 750 Shipyard Drive <br><br> Suite 200 <br><br> Wilmington, DE 19801 <br> TELEPHONE NUMBER: <br><br> (302) 656-5445 <br> FAX NUMBER: <br><br> (302) 656-5875 <br> E-MAIL ADDRESS: Pat@jcdelaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br><br> EXPLAIN THE RELATIONSHIP(S): <br><br><br><br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br><br><br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

EFiled: Jul 12 2019 12:37AM EDT
Transaction ID 63539557
Case No. N19C-07-097 WCC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDA CICCHETTI,                          )
                                          )
            Plaintiff,                    )
                                          )     C.A. No. _____
      v.                                  )
                                          )     JURY TRIAL DEMANDED
TRANSPORT SERGE BEAUREGARD,               )
INC., STEPHANE FRAPPIER, and CECIL        )
F. HILL,                                  )
                                          )
            Defendants.                   )

## COMPLAINT

1.     Plaintiff Linda Cicchetti ("Cicchetti") is a resident of Sussex County, Delaware.

2.     Upon information and belief, Defendant Transport Serge Beauregard, Inc. ("TSB"), is a Canadian trucking company with its principal place of business located at 30 Montee St-Jacques, St-Jacques-Le-Mineur (Quebec) J0J 1Z0. Its primary business is transportation of goods, and it is an active carrier operating under USDOT Number 541658. Its trucks operate in parts of the United States and Canada.

3.     Upon information and belief, Defendant Stephane Frappier ("Frappier") is a Canadian citizen residing in Quebec, Canada.

4.     Upon information and belief, at all relevant times Defendant Frappier was employed by and/or was an agent, servant, and/or employee of Defendant TSB, acting within the scope and course of his employment, agency, and master/servant relationship as the actions of Frappier were committed while on duty and in furtherance of Defendant TSB's business.

5.     Defendant Cecil F. Hill ("Hill") is a resident of Havre De Grace, Maryland.

6.      On or about July 26, 2017, at approximately 1:30 p.m., plaintiff Linda Cicchetti was operating her vehicle, in the absence of any and all negligence, northbound on US 113 Dupont Boulevard in the County of Sussex, Delaware.

7.      At that same time and place, in the roadway directly behind Plaintiff, Defendant Frappier was operating a fully loaded truck tractor and semi-trailer owned by Defendant TSB.

8.      At that same time and place, in the roadway ahead of Plaintiff, Defendant Hill was operating a mini-van.

## COUNT I – NEGLIGENCE/NEGLIGENCE *PER SE*
### (Against Defendant Frappier)

9.      Plaintiff reincorporates all of the foregoing allegations as if they are specifically stated in this Count.

10.     As the operator of a motor vehicle, Defendant Frappier owed a duty of reasonable care to other vehicle operators and their passengers.

11.     Defendant Frappier negligently crashed the fully loaded truck tractor and semi-trailer into the rear of Plaintiff's vehicle causing her serious injuries and damages.

12.     Defendant Frappier breached the duty of reasonable care and/or was reckless in the following ways:

  a.      he negligently operated the tractor trailer in a careless and reckless manner in violation of 21 *Del.C.* §4175 and 21 *Del.C.* §4176(a);

  b.      he negligently failed to keep a proper lookout in violation of 21 *Del. C.* § 4176;

  c.      he negligently failed to pay full time and attention to the operation of his tractor trailer in violation of 21 *Del. C.* § 4176;

2

d.    he operated the tractor trailer at an excessive rate of speed under the circumstances and conditions then and there existing in violation of 21 Del. C. § 4168; and

e.    he negligently operated the tractor trailer on a suspended license and negligently disregarded the traffic regulations of the State of Delaware then and there in full force and effect such as 21 Del. C. §§ 2701, 2706, & 2756.

13.    The statutes cited in the preceding paragraph seek to prevent collisions between motor vehicles and protect vehicle operators such as the Plaintiff.

14.    Defendant Frappier was cited by the Milford Police Department in causing the collision.

15.    Defendant Frappier was subsequently pulled over in the State of New York and cited for not having a valid driver's license as it had been suspended for a safety-related reason.

16.    As a direct and proximate result of Defendant Frappier's negligence, negligence *per se*, and/or recklessness, plaintiff Linda Cicchetti sustained injuries and damages, including but not limited to:

a.    rib fractures;

b.    bilateral pleural effusion of lung;

c.    cuts;

d.    head injuries;

e.    neck injuries;

f.    permanent and disabling injuries to her mid/low back as a result of sustaining a burst fracture at T8-T9;

g.    permanent impairment;

3

     h.     physical and mental consequences, discomfort, anxiety, grief;

     i.     medical expenses, including but not limited to, those not covered by her personal injury protection ("PIP") insurance and future medical expenses;

     j.     lost wages/earnings, including, but not limited to, those not covered by her PIP insurance and future lost wages/earnings;

     k.     Pain and suffering;

     l.     Disruption to life;

     m.     Reduced quality of life due to a decrease in activities as a result of her injuries; and

     n.     mental and emotional distress that accompanies loss of ability to pursue pleasurable activities and enjoyments.

### COUNT II – *RESPONDEAT SUPERIOR*
### (Against Defendant TSB)

17.     Plaintiff reincorporates all of the foregoing allegations as if they are specifically stated in this Count.

18.     At all times relevant, Defendant Frappier was employed by and was an agent, servant, and/or employee of Defendant TSB, acting within the scope and course of his employment, agency, and master/servant relationship as the actions of Frappier were committed while on duty and in furtherance of Defendant TSB's business.

19.     At all times relevant, Defendant TSB was the employer of Defendant Frappier.

20.     As a direct and proximate result of Defendant Frappier's negligent, negligent *per se*, and/or reckless actions, Plaintiff suffered the injuries identified in paragraph 16.

21.     Defendant TSB, is liable for Defendant Frappier's negligence, negligence *per se*, and/or recklessness under the doctrine of *respondeat superior*.

4

## COUNT III – NEGLIGENT ENTRUSTMENT
### (Against Defendant TSB)

22.     Plaintiff reincorporates all of the foregoing allegations as if they are specifically stated in this Count.

23.     At all times relevant, Defendant TSB was the owner of the vehicle driven by Defendant Frappier and so owed a duty of reasonable care to other vehicle operators and their passengers.

24.     Upon information and belief, Defendant TSB knew or should have known that Defendant Frappier did not have a valid driver's license on or about July 26, 2017.  Defendant TSB nonetheless negligently entrusted his vehicle to Defendant Frappier on or about July 26, 2017.

25.     Defendant TSB's hiring of an unlicensed driver to operate a motor vehicle in Delaware amounts to negligence *per se* as Defendant TSB's actions violate 21 Del. C. §§ 2754 & 2755, both of which seek to prevent collisions between motor vehicles and protect vehicle operators such as the Plaintiff

26.     As a direct and proximate result of the negligent entrustment by Defendant TSB, Plaintiff suffered the injuries identified in Paragraph 16.

## COUNT IV – NEGLIGENT SUPERVISION/RETENTION
### (Against Defendant TSB)

27.     Plaintiff reincorporates all of the foregoing allegations as if they are specifically stated in this Count.

28.     At all times relevant, Defendant TSB operated a trucking company.  Defendant TSB therefore owed a duty of reasonable care to other vehicle operators and their passengers.

29.     As part of this duty, Defendant TSB had a duty to take reasonable care to continue to monitor the driving records and history of their drivers to ensure that its drivers were properly licensed and safe.

30.     Defendant Frappier was an employee of Defendant TSB.  At least part of Defendant Frappier's job was to drive a truck for Defendant TSB.

31.     Defendant TSB knew, or through the exercise of reasonable care should have known, that in July 2017, Defendant Frappier did not have a valid driver's license.

32.     It is illegal in Delaware to drive without a valid driver's license, and an unlicensed driver creates a foreseeable risk of harm to other motorists.  Defendant TSB nonetheless allowed Defendant Frappier to operate a tractor trailer for Defendant TSB, thereby breaching its duty of reasonable care to other motorists.

33.     Defendant TSB failed to properly investigate and continually monitor Defendant Frappier and his driving record and made insufficient efforts to investigate whether or not Defendant Frappier was a legal, safe, fit, and competent driver.

34.     As a direct and proximate result of Defendant TSB's negligent supervision and/or retention of Defendant Frappier, Plaintiff suffered the injuries identified in Paragraph 16.

### COUNT V – NEGLIGENT HIRING
### (Against Defendant TSB)

35.     Plaintiff reincorporates all of the foregoing allegations as if they are specifically stated in this Count.

36.     At all times relevant, Defendant TSB operated a trucking company.  Defendant TSB therefore owed a duty of reasonable care to other vehicle operators and their passengers.

37.     As part of this duty, Defendant TSB had to take reasonable care in hiring drivers to make sure that they were properly licensed and safe drivers.  Defendant TSB should have

6

examined and scrutinized the driving records and history of the men and women it considered

hiring as drivers to make sure they were safe and fit to operate tractor trailers.

38.     Defendant TSB hired Defendant Frappier as one of its truck drivers.  Upon

information and belief, Defendant TSB negligently failed to ensure Defendant Frappier

possessed a valid driver's license and/or had a safe driving record.  Defendant TSB was therefore

negligent in hiring Defendant Frappier.

39.     As a direct and proximate result of Defendant TSB's negligent supervision and/or

retention of Defendant Frappier, Plaintiff suffered the injuries identified in Paragraph 16.

### COUNT VI – NEGLIGENCE/NEGLIGENCE *PER SE*
### (Against Defendant Hill)

40.     Plaintiff reincorporates all of the foregoing allegations as if they are specifically

stated in this Count.

41.     As the operator of a motor vehicle, Defendant Hill owed a duty of reasonable care

to other vehicle operators and their passengers.

42.     Defendant Hill made an improper lane change that caused traffic to slow quickly.

Frappier's negligence or recklessness combined with Hill's negligence or recklessness to result

in Frappier's inability to timely stop the fully loaded truck tractor/semi-trailer from impacting

Plaintiff's vehicle.

43.     Defendant Hill breached the duty of reasonable care and/or was reckless in the

following ways:

      a.     he negligently attempted a lane change in a careless and reckless manner

in violation of 21 *Del.C.* §4122, 21 *Del.C.* §4175, and 21 *Del.C.* §4176(a);

      b.     he negligently failed to keep a proper lookout in violation of 21 *Del. C.* §

4176;

7

c.     he negligently failed to pay full time and attention to the operation of his motor vehicle in violation of 21 *Del. C.* § 4176; and

d.     he negligently disregarded the traffic regulations of the State of Delaware then and there in full force and effect.

44.     The statutes cited in the preceding paragraph seek to prevent collisions between motor vehicles and protect vehicle operations such as the Plaintiff.

45.     As a direct and proximate result of Defendant Hill's negligence, negligence *per se*, and/or recklessness, plaintiff Linda Cicchetti sustained injuries and damages identified in paragraph 16.

WHEREFORE Plaintiff respectfully requests this Court:

A.     Enter judgment in her favor jointly and severally against Defendants Transport Serge Beauregard, Inc., Stephane Frappier, and Cecil F. Hill;

B.     Award her special damages as she can prove;

C.     Award her compensatory damages;

D.     Award her pre- and post-judgment interest;

E.     Award her costs of the action; and

F.     Grant such other relief as the Court deems appropriate.

**JACOBS & CRUMPLAR, P.A.**

/s/ Patrick C. Gallagher
Patrick C. Gallagher, Esq. (DE Bar 5170)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
(t) 302.656.5445
(f) 302.656.5875
pat@jcdelaw.com
*Attorney for Plaintiff*

DATE: July 12, 2019

8

EFiled: Jul 12 2019 12:37AM EDT
Transaction ID 63539557
Case No. N19C-07-097 WCC

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LINDA CICCHETTI,                              )
                                              )
                    Plaintiff,                )
                                              )       C.A. No. _____
          v.                                  )
                                              )       JURY TRIAL DEMANDED
TRANSPORT SERGE BEAUREGARD,                   )
INC., STEPHANE FRAPPIER, and CECIL            )
F. HILL,                                      )
                                              )
                    Defendants.               )

**PRAECIPE**

TO:   Kenneth P. Creedon, Prothonotary
      Superior Court, New Castle County
      Leonard L. Williams Justice Center
      500 North King Street
      Wilmington, DE 19801

      Please issue process and serve copies of the Summons, Complaint, Civil Information Sheet,

Rule 3(h) Statement, Answers to Form 30 Interrogatories, Plaintiff's First Interrogatories Directed

to Transport Serge Beauregard, Inc., Plaintiff's First Requests for Production to Transport Serge

Beauregard, Inc., Plaintiff's Motion for Substitute Service on Defendants Transport Serge

Beauregard, Inc., and Stephane Frappier, and a Notice of Motion for the same as follows:

1. Defendant Transport Serge Beauregard, Inc., at its address of 30 Montee St-Jacques, St-

    Jacques-Le-Mineur (Quebec) J0J 1Z0, pursuant to Article 5 of the Hague Convention on the

    Service Abroad of Judicial and Extrajudicial Documents in Civil of Commercial Matters (*see*

    attached Motion for Substitute Service on Defendants Transport Serge Beauregard, Inc., and

    Stephane Frappier);

2. Defendant Stephane Frappier at his address of 329 6E AV H7N 4L7, Quebec, Canada 00418,

    pursuant to Article 5 of the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil of Commercial Matters (*see* attached Motion for Substitute

Service on Defendants Transport Serge Beauregard, Inc., and Stephane Frappier).

3.   To Plaintiff's counsel so Plaintiff's counsel may serve Defendant Cecil F. Hill at his address

of 1325 Superior Street, Havre De Grace, Maryland  21078, pursuant to 10 Delaware Code

Section 3104(d).

**JACOBS & CRUMPLER, P.A.**

/s/ Patrick C. Gallagher
Patrick C. Gallagher, Esq. (DE Bar 5170)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) (302) 656-5445
(f) (302) 656-5875
*Attorney for Plaintiff*

DATE:  July 12, 2019

EFiled: Jul 12 2019 12:37AM EDT
Transaction ID 63539557
Case No. N19C-07-097 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDA CICCHETTI,                      )
                                      )
      Plaintiff,                )
                                      )    C.A. No. _____
    v.                                )
                                      )    JURY TRIAL DEMANDED
TRANSPORT SERGE BEAUREGARD,           )
INC., STEPHANE FRAPPIER, and CECIL    )
F. HILL,                              )
                                      )
      Defendants.               )

### SUMMONS

**THE STATE OF DELAWARE,**
**TO JACOBS & CRUMPLAR, P.A.:**
**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days of service hereof upon defendant, exclusive of the day of service, defendants shall serve upon plaintiff's attorney, whose address is 750 Shipyard Dr., Suite 200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: _____

                                _____
                                  Prothonotary Kenneth P. Creedon

                                _____
                                  Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service of hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated: _____

                                  _____
                                  Prothonotary Kenneth P. Creedon

                                _____
                                  Per Deputy

EFiled: Jul 12 2019 12:37AM EDT
Transaction ID 63539557
Case No. N19C-07-097 WCC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDA CICCHETTI,                        )
                                        )
        Plaintiff,              )
                                        )          C.A. No. _____
       v.                      )
                                        )          JURY TRIAL DEMANDED
TRANSPORT SERGE BEAUREGARD,             )
INC., STEPHANE FRAPPIER, and CECIL      )
F. HILL,                                )
                                        )
        Defendants.             )

### SUMMONS

**THE STATE OF DELAWARE,**
**TO** _____:
**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days of service hereof upon defendant, exclusive of the day of service, defendants shall serve upon plaintiff's attorney, whose address is 750 Shipyard Dr., Suite 200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: _____

                                     _____
                                       Prothonotary Kenneth P. Creedon

                                     _____
                                       Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service of hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated: _____

                                       _____
                                       Prothonotary Kenneth P. Creedon

                                       _____
                                       Per Deputy